IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WANDA E. DAUMONT COLON**<br><br>**PLAINTIFF**<br><br>**VS.**<br><br>**COOPERATIVA DE AHORRO Y CREDITO DE CAGUAS; IRMA HILERIO ARROYO AS OFFICER AND IN HER PERSONAL CAPACITY**<br><br>**DEFENDANT** | **Civil No.: 15-3120**<br><br>**AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), Puerto Rico Law 100, 29 L.P.R.A., 146, Law 80, 29 L.P.R.A. § 185**<br><br>**Jury Trial Requested** |

## COMPLAINT

**TO THE HONORABLE COURT:**

Now comes plaintiff, through the undersigned attorneys, and most respectfully states and prays as follows:

### I. PARTIES TO THIS ACTION

1. Plaintiff, Wanda E. Daumont Colon, is of legal age, a citizen of the United States of America, domiciled and resident of Las Piedras, Puerto Rico.

2. Defendant, Cooperativa de Ahorro y Credito de Caguas, is upon information and belief, legal entity organized under the Puerto Rico Laws.

3. Co-defendant, Irma Hilerio Arroyo was, and still is, Executive President of Cooperativa de Ahorro y Credito de Caguas, and she is included in this case in her official and personal capacities.

### II. JURISDICTION

4. Jurisdiction is invoked under 28 USCA § 1331, as this cause of action is instituted pursuant to the Age Discrimination in Employment Act of 1967.

5. Supplemental jurisdiction is claimed under 28 USCA § 1367, for causes of action arising under laws of the Commonwealth of Puerto Rico such as: Law 100 of June 30, 1959, 29 LPRA § 146, which prohibits discrimination because of age, Law 80 29 L.P.R.A. § 185, which prohibits the discharge of an employee without just cause, and Article of Puerto Rico Civil Code 1802 which provides compensation due to negligent or tort actions.

6. On May 13th, 2015, Plaintiff filed charges with the Anti-Discrimination Unit and the Equal Employment Opportunity Commission (E.E.O.C.), alleging violation of the provisions of the Age Discrimination in Employment Act of 1967 and Puerto Rico Laws.

7. Thereafter, the E.E.O.C. retained its jurisdiction over this matter until it issued a "Notice of Right to Sue" on October 9th, 2015, which was received on October 13th, 2015.

### III.   FACTS

8. Plaintiff Wanda E. Daumont Colon was born on July 2, 1954. She is 61 years old. At the time of her discharge Plaintiff was 60 years old.

9. Plaintiff began to work for Defendant Cooperativa de Ahorro y Credito de Caguas, on April 3, 1978, working as Clerk/secretary for nearly four (4) years, as Client Service Officer for nearly fifteen (15) years, as Supervisor of the Loan Department for nearly seven (7) years and, finally as Branch Manager for nearly ten (10) years,

position she was holding when she was discharged without just cause on March 10, 2015.

10. As Branch Manager, Plaintiff's duties included: service and attention to clients; supervision of the branch employees and personnel; to promote the branch services; to solve client's problems and situations; to solve problems and situations related with equipments and physical facilities of the branch; to prepare working plans; to balance the cashiers, the vault and the ATM machine; the supervision of cashiers and officers; to prepare reports; and other related duties.

11. At the time of her discharge Plaintiff had thirty six (36) years of service to the Cooperativa de Ahorro y Credito de Caguas.

12. Since Plaintiff began to work for Defendant her performance was excellent. Plaintiff obtained acknowledgments and her performance appraisals were good.

13. On the year 2012, Co-defendant, Irma Hilerio Arroyo was assigned as Executive President of the Defendant.

14. Shortly after Co-defendant Irma Hilerio Arroyo's appointment, Plaintiff began to observe that younger employees received different and better treatment than the one given to older workers with much more on the job experience.

15. Older employees began to receive undue pressures. As an example, Ms. Carmen Lidia Torres, a much older employee, around 57 years of age, began to received pressures (constant verbal attacks and unprofessional treatment or that she never performs her work correctly) from Co-defendant, Irma Hilerio Arroyo and was forced to resign due to the hostile work environment. Ms. Torres had 35 years of

service at that time and was replaced by Mr. Millan, a younger employee, around 37 years of age.

16. On June 27, 2012, after Co-defendant Irma Hilerio Arroyo's appointment, Plaintiff was notified her first reprimand in thirty four (34) years, for allegedly referring a check in the name on her daughter for approval to another employee.

17. Plaintiff objected the reprimand since the allegations were false. She did not approve the check to be cashed. The check was referred to a cashier and authorized by the Cashier's Supervisor at that time.

18. On March 10th, 2015, Defendants met with Plaintiff to discharge her.

19. To support the dismissal, Defendants alleged that on February 20, 2015, Plaintiff offered false information, altered and falsified documents when processing a transfer of money from an account of her consensual partner.

20. Defendants' allegations were false and pretextual. Plaintiff did not provide false information nor altered or falsified any document.

21. Plaintiff's consensual partner asked her to fill out a request for a money transfer from his credit line to his checking account. Plaintiff prepared and filled out the transfer form as requested since she was authorized to do it, as well as to sign in said account. Defendant Cooperativa de Ahorro y Credito de Caguas knew Plaintiff was authorized to sign in said account.

22. Plaintiff provided the request of transfer to the cashier, reminding him to notify and obtain the approval of the corresponding officer or supervisor prior to proceeding with the transaction.

23. In the termination letter Defendants also made reference to another incident that allegedly took place on January 30, 2015, in which Plaintiff allegedly authorized the wife of a client to make a money transfer from one account to another, when allegedly the wife "was not authorized" to make transactions in the client's account and the client was not present. This January 30, 2015-incident is equally false.

24. The fact is that at the time of the transaction, both, husband and wife were present.

25. Defendants never before notified Plaintiff by any means of such incident. Plaintiff was never before notified any warning, misconduct or corrective action related with said alleged incident, and never had the opportunity to contest or defend herself from said alleged incident.

26. After Plaintiff's discharge, she was substituted by Ms. Elizabeth Rivera, who was thirty (30) years old and had less experience that the Plaintiff in violation to ADEA and Puerto Rico local Law 100, **29 L.P.R.A. sec. 146**.

27. Co-defendant Irma Hilerio Arroyo constantly praised and minimized the errorr of the younger employees.

28. Younger employees who breached the norms of conduct or incurred in performance's violations were not discharged. They were not disciplined or were disciplined less leniency. This shows a disparate treatment against older workers.

29. Defendant's Finance and Human Resources Vice-President, Ms. Lourdes Rodriguez, during a staff meeting in December 2014, stated that "she preferred to work with younger employees since they gave her energy."

30. The majority of the employees in the branch where Plaintiff worked are younger between 21 and 39 years old.

31. After her discharge, Plaintiff had suffered economic damages and lost of income.

32. Plaintiff has suffered emotional and mental damages. She was a very secure and proactive person. After all the illegal actions of Defendants, Plaintiff became insecure, frustrated and a frightened person.

33. The illegal acts of the Defendants have forced Plaintiff to seek psychological treatment and medication.

34. Plaintiff is entitled to punitive damages and double damages as established by Federal Law and by the State Laws for the damages suffered because age discrimination.

35. The acts committed by the Defendants, the hostile work environment, false accusations, disparate treatment and age discrimination prior to Plaintiff's discharge were aimed to displace and force her resignation.

36. Plaintiff discharge was unjustified, the alleged reasons are false, in violation of Puerto Rico State Law 80 (**29 L.P.R.A. § 185 et seq**). Defendants failed to followed progressive discipline, to notify Plaintiff of any performance problem and failed to give her an opportunity to explain or to improve.

37. Plaintiff earned an average monthly salary with commissions of **$3,780.89**, plus several fringe benefits, including health insurance, vacation pay, Christmas bonus, sick leave, life insurance, Social Security and retirement plan contributions (401k), among others, sums that are estimated in **$3,000.00**, for a total monthly

compensation of **$6,780.89**.

38. In accordance with State Law 80, Plaintiff is entitled to a severance of 6 month salary ($22,505.34) plus 108 weeks of salary ($94,208.40), estimated in **$116,713.74**, based on Plaintiff's **36 years of service** in the company.

39. Defendants' actions and omissions have cause and are causing Plaintiff lost of salaries, and benefits estimated in **$81,360.00** per year, which are hereby claimed.

40. Plaintiff's back pay is estimated in **$67,808.90** as of the day of this complaint**.**

41. Defendants actions and omissions have caused and are causing Plaintiff Wanda E. Daumont Colon emotional damages and mental sufferings estimated in one million dollars ($1,000.000.00) which are hereby claimed.

42. Plaintiff is entitled to costs, expenses and attorneys fees, which are hereby claimed.

### IV.   CAUSES OF ACTION

The above described Defendant's conduct is in direct violation of the following statutes:

A. Plaintiff was terminated **without just cause** and replaced by a younger employee, therefore Defendants' actions are in violation of the Age Discrimination Employment Act of 1967; 29 USCA § 621 et seq.; Punitive Damages are hereby claimed.

B. Defendant's discriminatory actions because of age are in violation of Puerto Rico Law 100 of June 30, 1959, 29 LPRA § 146. Double damages are claimed under State Law.

C. Plaintiff's discharge without just cause is in violation of Puerto Rico's Law no. 80 of May 3, 1976, 29 L.P.R.A. 185, et seq. Severance payment for unjustified dismissal is claimed.

D. Defendants' acts were in gross negligence and caused Plaintiff's damages under Articles 1802 and 1803 of the Civil Code of Puerto Rico.

## V. PRAYER

It is respectfully requested from this Honorable Court that it:

A. Grants plaintiffs the right to a jury trial.

B. Declares defendants' conduct to be in violation of Federal and State laws.

C. Award Plaintiff' all damages to which she is entitled to, including, but not limited to, compensatory damages, damages for mental anguish and emotional sufferings, punitive damages, liquidated damages, back pay and salaries, as claimed.

D. Award Plaintiff double damages as provided by State Laws Act 100 and 180.

E. Grant Punitive damages for Defendants' discrimination as provided by Federal Law.

F. Order the payment of salaries owed, and double damages as provided by State and federal Law.

G. Order Plaintiff's reinstatement to her position before the discriminatory acts. In the alternative that reinstatement is not appropriate, front pay is requested for five (5) years, estimated in $406,800.00.

H. Pursuant to Fed. R. Civ. P. 54 (c) award Plaintiff any relief the Court deems just, reasonable, appropriate and necessary to correct the illegal and discriminatory conduct of defendant, including an affirmative action plan to correct age discrimination in the work place.

I. Award costs, interests and attorney's fees.

J. Provide any equitable remedy in the court's discretion.

### PRAYER

**WHEREFORE**, Plaintiff respectfully request this Honorable Court to enter judgment against the Defendants in the amounts claimed plus any equitable relief appropriate in this case, and grants costs, expenses and attorneys fees.

**RESPECTFULLY SUBMITTED,**

**IN SAN JUAN, PUERTO RICO, THIS 22nd DAY OF DECEMBER 2015.**

> **s/godwin aldarondo girald**
> **Godwin Aldarondo Girald**
> **USDC-PR 125205**
> **ATTORNEY FOR PLAINTIFFS**
> **ALDARONDO GIRALD LAW OFFICES**
> **ESQUIRE BLDG. SUITE 701**
> **SAN JUAN, PR 00918-3606**
> **TEL. (787) 766-2876; (787)FAX 751-9832**
> **aldarondo@prw.net**