## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WANDA E. DAUMONT COLON**<br><br>**PLAINTIFF**<br><br>**VS.**<br><br>**COOPERATIVA DE AHORRO Y CREDITO DE CAGUAS; IRMA HILERIO ARROYO AS OFFICER AND IN HER PERSONAL CAPACITY**<br><br>**DEFENDANT** | **Civil No.: 15-3120 (GAG-CVR)**<br><br>**AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), Puerto Rico Law 100, 29 L.P.R.A., 146, Law 80, 29 L.P.R.A. § 185**<br><br>**Jury Trial Requested** |

**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM OF LAW IN SUPPORT THERETO**

**TO THE HONORABLE COURT**:

Now comes Plaintiff, **Wanda E. Daumont Colon**, through the undersigned attorney, and most respectfully **STATES, ALLEGES, AND PRAYS**:

### I.   INTRODUCTION

Paintiff Wanda E. Daumont, filed the present case against Defendants "Cooperativa de Ahorro y Credito de Caguas, and Irma Hilerio Arroyo as officer and in her personal capacity, alleging discrimination because of age, as well as claims under Puerto Rico statutes, for employment discrimination and severance pay for unjust dismissal.

Defendants filed a Motion for Summary Judgment requesting that Plaintiff's be dismissed.

The following discussion shows that Plaintiff's claims should not be dismissed since Plaintiff has established a "prima facie case" under ADEA, as well as under Puerto Rico Laws, Plaintiff has evidence showing that Defendants' alleged nondiscriminatory reason is false and a pretext to discharge Plaintiff Daumont. The evidence shows not only that Plaintiff **DID NOT**

1

incurred in the two alleged violations but also that younger employees that incurred in serious

violations received no disciplinary action or at the most a work suspension.  As to Plaintiff's Law

80 claim, the facts show that Plaintiff was dismissed without just cause, that the progressive

disciplinary procedure was not followed, that another employee accepted the responsibility and

was not disciplined, and the Company failed to apply discipline in a consistent and uniform way.

This Facts establish a clear violation of Puerto Rico Law 80.

Therefore, the Court must deny Defendants' motion.

## II.    STANDARD FOR SUMMARY JUDGMENT

The legal standards for the analysis of a motion for summary judgment are well known by this

Court.  In accordance with Rule 56 of the Federal Rules of Civil Procedure (FRCP), a party

seeking summary judgment must show, through the pleading, depositions, answers to

interrogatories and other evidence, that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law.  In harmony with this Rule, the

United States Supreme Court has stated, "As the moving party, respondent had the burden of

showing the **absence of a genuine issue** as to any material fact, and for these purposes the

material it lodged **must be viewed in the light most favorable to the opposing party**." _Celotex_

_Corp. v. Catrett_ 477 US 317 (1986),  _Adickes v. Kress & Co._, 398 US 144, 157 (1970); _United_

_States v. Diebold_, 369 US 654, 655 (1962), _Sheinkopf v. Stone_, 927 F.2d 1259 (1 Cir, 1991).

A "genuine" issue is one that is dispositive, and which consequently must be decided at trial,

_Anderson v. Liberty Lobby_, 477 U.S. 242 (1986); _Mack v. Great Atlantic and Pacific Tea Co._,

871 F.2d 179 (1 Cir, 1989); _De Arteaga v. Pall Ultrafine Filtration Co._, 862 F.2d 940 (1 Cir, 1988);

_Aponte v. Puerto Rico Marine Management_, 830 F.Supp 95 (D. PR, 1993). A "material" fact,

which is defined by the substantive law, is one which affects the outcome of the suit and which

must be resolved before attending to related legal issues, _Garside v. Osco Drug, Inc._, 895 F. 2d

46, 48 (1 Cir, 1990); *Mack*, supra; *Aponte,* supra. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. *Sarnoff v. Ciaglia*, 165 F.2d 167, *Weisser v. Mursam Shoe Co.*, 127 F.2d 344, *Vargas v. Royal Bank of Canada*, 604 F.Supp 1036 (D. PR, 1985).

Summary judgment "admits no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Greenberg v. P.R. Maritime Shipping Authority*, 835 F.2d 932, 936 (1 Cir, 1987)**.** Accordingly, if the facts are in controversy or allow for incongruous inferences, the Court is required by the procedural stage of the entreaty to adopt the inference most favorable to the assailed party and discard its antithesis. *Casas Office Machines v. MITA Copystar America, Inc.*, 42 F.3d 668, 684 (1 Cir, 1994).

To Rule 56(e), the Supreme Court cited **"Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."** *Adickes*, supra, at 160.

## LEGAL ARGUMENTS

### A.  ADEA

The Age Discrimination in Employment Act of 1967 (ADEA) makes it illegal for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

ADEA prohibits age discrimination in employment against individuals who are at least 40 years of age. 29 USC §§ 621-634. ADEA violations may be established by proving either disparate treatment or disparate impact. Smith v. City of Jackson, Miss., 544 U.S. 228, 125 S. Ct. 1536, 161 L. Ed. 2d 410 (2005).

Absent direct evidence of discrimination, the analysis must be made through the burden-shifting framework first established under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S.792 (1973). See, <u>Cameron v. Idearc Media Corp</u>., 685 F.3d 44, 48 (1st Cir.2012); <u>Mulero-Rodríguez v. Ponte, Inc.,</u> 98 F. 3d 670, 673 (1st Cir, 1996). The jurisprudence of the First Circuit clearly states that the burden of proof in all federal discrimination cases falls under "two general categories." The more common category involves "evidence of discrimination that is circumstantial." <u>Patten v. Wal-mart Stores East, Inc</u>., 300 F.3d. See also, <u>Bishop v. Bell Atlantic Corporation,</u> 299 F.3d 53 (1St Cir. 2002).

This analysis was first established in <u>McDonnell Douglas v. Green,</u> 411 U.S. 792, 93 S.Ct. 1817 (1973) and reiterated in other Supreme Court cases. *See,* <u>Texas Dept. of Community Affairs v. Burdine,</u> 450 U.S. 248, 101 S.Ct. 1089 (1981); <u>St. Mary's Honor Ctr. v. Hicks,</u> 509 U.S. 502, 113 S. Ct. 2742 (1993); <u>Reeves v. Sanderson Plumbing Products, I nc.,</u>530 U.S. 133, 120 S.Ct. 2097 (2000). Under the <u>McDonnell Douglas</u> framework, plaintiff must make a prima facie showing of discrimination under the particular statute by proving (i) that plaintiff is a member of a protected class; (ii) that plaintiff performed his or her job satisfactorily; (iii) that plaintiff was discharged; and (iv) that plaintiff's position was eventually filled by persons not in the protected class. *See also* <u>St. Mary's Honor Ctr. v. Hicks,</u> 509 U.S. 502, 506, 113 S. Ct. 2742, 2746-47 (1993).

A plaintiff's successful production of a prima facie case "creates" a presumption of discrimination." Id. Once such a showing has been made the burden of production shifts **to the defendant employer to show a legitimate non-discriminatory reason for plaintiff's termination. The defendant must clearly set forth through the introduction of admissible evidence, reason for its actions which, if believed by the Trier of Facts, would support a finding that unlawful discrimination was not the cause of the employment action." <u>St. Mary's Honor Ctr.,</u> 509 U.S. at 507.**

At the level of summary judgment stage, The District Court is cognizant that the burden of production of each party "can involve **no credibility assessment**. "*St. Mary's Honor* Ctr., 509 U.S. at 507.

Once the employer articulates a legitimate non-discriminatory reason, the plaintiff must then show that defendant's reason is merely pre-textual.  In the context of a summary judgment proceeding, once the employer articulates a legitimate nondiscriminatory reason, the plaintiff must offer direct or indirect evidence to show that the employer's decision to discharge her was a "non-reason," was a "sham," or was "pre-textual" in nature. See generally, Pages-cahue v. Iberia Lineas Aereas, 82 F. 3d 533, 53637 (1st Cir. 1996). In this case there is direct evidence that the reasons stated by the employer for Plaintiffs discharge one are false.

The contours of a *prima facie* case are flexible and situation-specific." Sánchez v. Puerto Rico Oil Co., 37 F3d 712, 719 (1st Cir. 1994).

In Hidalgo v. Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 335-338 (1stCir. 1997), the court stated that the evidence as a whole must "at least infer" that the employers decision was motivated by a discriminatory animus.' Disparate treatment is indicative of a discrimination animus.

In Plaintiffs Daumont's case there is clear and direct evidence that younger employees were treated differently. (See PSUF____)  The most direct and relevant example is Mr. Norberto Santos, who against his interest, admitted to Defendants that it was he who carried out Mr. Tirado's transaction, and it was he who forgot to obtain the supervisor's approval. Mr. Norberto Santos testified that Plaintiff gave him direct instructions to obtain said approval (SUF 8, 10 to 14, 58). Notwithstanding, Defendant gave him a written reprimand (which is not considered a disciplinary action (PSUF 18, 59).

Mr. Santos reprimand was for the same event or transaction for which Plaintiff was discharged. Why the disparate treatment? Plaintiff provided other eight (8) examples of employees which incurred in serious violations and none was discharged (See PSUF 39,40). The only common element among those employees was that they were all younger than Plaintiff (PSUF p 8, 21 to 39) In <u>St. Mary's</u> the court stated:

> The fact finder's disbelief of the reasons put forward by the defendant (particularly if the disbelief is accompanied by a suspicion of mendacity) **may,** together with the elements of the prima facie case . . . permit **the trier of fact to infer** the ultimate fact of **intentional discrimination**.

<u>St. Mary's Honor Ctr. v. Hicks,</u> 509 U.S. 502, 113 S. Ct. 2742 (1993). This ruling was reaffirmed in <u>Reeves v. Sanderson Plumbing Products, Inc.,</u> 530 U.S. 133, 120 S.Ct. 2097 (2000). There the court, ruled that, that the **jury "may** together with the elements of a prima facie case infer the ultimate facts of intention of discrimination." Id. The Supreme Court used some of the following critical language:

> "This much is evident from our decision in St. <u>Mary's Honor Center.</u> There we held that **the fact finder's rejection of the employer's legitimate nondiscriminatory reason** for its action does not compel judgment for the plaintiff. . [but] once the employer's justification has been eliminated, **discrimination may well be the most likely alternative explanation**, especially since the employer is in the best position to put forth the actual reason for its decision. . . Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's **asserted justification** is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. . .

<u>Reeves v. Sanderson Plumbing Products, Inc</u>., 530 U.S. at 134-136-120 S.Ct. at 2101-2103. *See also,* <u>Rodriguez-Cuervos v. Wal-Mart Stores Inc.,</u> 181 F.3d 15, 22

n.5 (1ˢᵗ Cir. 1999), where, in a summary judgment scenario, the first Circuit concluded that evidence that makes out a prima facie case together... with **evidence of pretext can suffice to defeat summary judgment** 'provided that the evidence is adequate to enable a rational **fact finder** reasonably **to infer** that unlawful discrimination was a determinative factor in the adverse employment action'." See also, Dichner v. Liberty Travel, 141 F.3d 24, 30 (1sᵗ Cir. 1998), generally for the proposition that "[t]he introduction of additional evidence is not necessarily required," See, *Dominguez Cruz* 202 F 3d at 430 n. 5.

Under this framework, to make out a prima facie case under ADEA, the terminated employee must produce evidence showing that: (1) she was at least 40 years old at the time of the termination; (2) she was qualified for the position that she had held; (3) she was discharged; and (4) the employer covered the position with a younger person. *Bonefont–Igaravidez v. Int'l Shipping Corp.*, supra, 659 F.3d 120 (1st Cir. 2011), *Citing Vélez v. Thermo King de P.R., Inc.* 585 F. 3d 441, 447 (1ˢᵗ Cir. 2009). If satisfied, this showing is sufficient **to raise an inference of discrimination,** thereby shifting the burden to the employer to articulate a legitimate, non-discriminatory reason for the termination. *Bonefont–Igaravidez v. Int'l Shipping Corp.*. supra, *Citing Currier v. United Techs. Corp*., 393 F. 3d 246, 254 (1ˢᵗ Cir. 2004); *Greenberg v. Union Camp Corp.,* 48 F. 3d 22, 26 (1ˢᵗ Cir. 1995).

In this case it is uncontested that:

a) Plaintiff was 60 years old

b) Was qualified for the position, having worked over 30 years and having good and excellent evaluations

c) Suffered on adverse employment action, discharge

d) Was replaced by a much younger employee. (PSUF 7 ).

Plaintiff Daumont has established her prima facie case.

### DEFENDANTS REASON

The Defendant is required to raise a legitimate non discriminatory reason. If the employer does so the burden reverts to the employee to show, **by a preponderance of the evidence**, that the employer's proffered reason for the adverse employment action "is pretextual and that the true reason for the adverse action is discriminatory." _Bonefont–Igaravidez v. Int'l Shipping Corp_.. supra, _Lockridge v. Univ. of Me. Sys., ._ 597 F. 3d 464, 470 (1st Cir. 2010); see also, _Pages-Cahue_, supra, at 536.

Nevertheless, a "court may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when analyzing the prima facie case. To do so would bypass the burden-shifting analysis and deprive the plaintiff of the opportunity to show that the nondiscriminatory reason was in actuality a pretext designed to mask discrimination." _Velez v. Thermo King de P.R., Inc_., 585 F.3d 441, 447 (1st Cir. P.R. 2009), discussing and considering _Gross v. FBL Fin. Servs_., 557 U.S. 167, 174-175, 129 S. Ct. 2343, 2349, 174 L. Ed. 2d 119, 127-128, 2009, U.S. LEXIS 4535, 13-14 (**U.S. 2009); s**ee also _Freeman v. Package Mach. Co.,_ 865 F.2d 1331, 1335 (1st Cir. 1988) ("legitimate expectations" prong met where plaintiff "tendered some evidence which, if believed, proved that he was doing his chores proficiently").

Defendants have articulated a "non-discriminatory reason" for Plaintiff's termination that she incurred in two (2) serious violations. However the evidence demonstrates that the alleged reasons are false and pretextual. Not only the testimonies and document show that the proffered reasons are false, it also shows that younger employees which incurred in serious violations were not discipline or only given a work suspension. This establishes **disparate treatment**.

In addition, Defendants shifting explanations for Plaintiff's termination is indicative of the

original pretextual reasons. In the termination letter Defendant's raised two (2) violations. In the answer to the Complaint (docket 8) Defendants explained the reasons raising "objectable transaction; withdrawals without the members signature, without the members name, with a signature that did not match with them in the file". (Page 2 par 9 to p 3)  For the first time, they alleged incidents that allegedly occurred many years before. Among these new reasons is the cashing of a check of Plaintiff's daughter in the year 2012 approved by Supervisor Lozada. Finally, during Co-Defendants deposition Ms. Hilerio stated that **the reason** for Plaintiff's discharge was "Lack of Trust" (PSUF 25). The changing of the "legitimate reason "through the litigation process is indicative of pretext.

### B. Supplemental  State Claims

1. **State Law 100 of June 30, 1959**

**Act No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §§ 146 *et seq.*,**  is the general anti discrimination statute of the Commonwealth of Puerto Rico, it prohibits employment discrimination on the basis of race, **age**, color, sex**,** social or national origin, social condition, and political or religious beliefs.

Article 3 of the act expressly **provides a presumption of discrimination against employers when their actions, are made without just cause**.  29 L.P.R.A. § 148.  If the plaintiff can prove that she was dismissed without just cause, "she will enjoy a statutory, refutable presumption of discrimination," *De Arteaga v. Pall Ultrafine Filtration Corp.,* 673 F. Supp. 650, 652 (1987); *Menzel v. Western Auto Supply Co.,* 662 F. Supp. 731 (1987).

The First Circuit has stated that, under Law 100 plaintiff's **burden is lighter**, "**absent just cause for dismissal**, the plaintiff's prima facie case creates a rebuttable **presumption of discrimination** which shifts to the defendant **not only the burden of producing the evidence, but also of persuading the Trier of facts**." *Velez v. Thermo King de Puerto Rico, Inc.,* supra,

453, Citing *Menzel v. Western Auto Supply Co.,* 848 F.2d 327, 331 (1st Cir.1988) (quotations and emphasis omitted). Law 100, supra, **places a tougher burden on defendants** than does Title VII. See *Medina v. Adecco*, 561 F.Supp.2d 162 (D.P.R.2008) (citing *Hoyos v. Telecorp. Commc'ns, Inc.,* 405 F.Supp.2d 199, 206–07 (D.P.R.2005), aff'd, 488 F.3d 1 (1st Cir.2007); see also, *Salgado-Candelario v. Ericsson Caribbean, Inc.,* supra, at 176-77 (D.P.R. 2008). Puerto Rico Laws Claims

The differences have been clearly delineated in the cases of DeArteaga v. Pall Ultrafine Filtration Corp. 862 F.2d 940, 943, (1st Cir. 1988); Menzel v. Western Auto Supply Co., 848 F.2d 327, 330-31, (1st Cir. 1988); Dominguez v. Eli Lilly and Co., 958 F. Supp. 721, 741 (D.P.R. 1997); and Alvarez Fonseca v. Pepsi Cola of P.R. Bottling Co.,152 F.3d 24 (1st Cir. 1998).[8] The difference was restated by Chief Judge Laffitte in Dominguez v. Eli Lilly and Co., 958 F. Supp. at 741, as follows:

> Generally, "[t]he employee carries the initial burden of presenting sufficient, probative evidence that she or he was discharged without `just cause'. (Citations omitted). This burden encompasses two requirements. The employee must show that: (1) he or she was actually or constructively discharged; and (2) the discharge was without 'just cause.' (Citations omitted).

Should the employee prove that there was no 'just cause,' **a presumption of discrimination is established.** The presumption is controvertible. P.R. Laws Ann. tit. 29 § 148. **The employer** must then produce evidence and **persuade the court that** the employee was dismissed for a just cause under Law 80, or for a non-discriminatory reason. Baez Garcia v. Cooper Labs., 120 P.R. Dec. 145 (1987).

Circuit Judge Torruella expressed in Alvarez Fonseca, 152 F.3d at 27-28:

> The most important difference between law 100 and ADEA is that when the Law 100 presumption has been triggered, **it shifts not only the burden of production, but also the burden of persuasion,** from the employee to the

10

employer. *See, Ibanez-Benitez v. Molinos de Puerto Rico, Inc.,* **114 P.R. Dec. 42, 52 (1983). Thus, in order** to rebut the Law 100 presumption, the employer **must prove**, by a preponderance of the evidence, that the challenged action was not motivated by discriminatory age animus. *See Id.,* at 53.

The Law 100 presumption, that a dismissal was discriminatory, depends in the Law 80 presumption that the dismissal was unjustified. Stated more explicitly, the Law 80 **presumption** is triggered when the plaintiff alleges unjustified dismissal and proves by a preponderance of the evidence that he was actually or constructively discharged. The burden then shifts to the employer to prove by a preponderance of the evidence that it has just cause to dismiss the employee.' If the employer fails to make this showing, the Law 100 presumption of **discrimination** is triggered, shifting the burden to the employer of proving by a preponderance of the evidence that the otherwise-unjustified dismissal was not motivated by discriminatory animus.

Conversely, if the employer proves that the discharge was justified, then the Law 100 presumption disappears. *See* P.R. Laws Ann. tit. 29, § 148. Consequently, the burden of proof on the ultimate issue of **discrimination** remains with the plaintiff, as in any other civil case. The plaintiff must prove that, even if the dismissal was justified, the defendant nevertheless violated Law 100 because the dismissal was motivated by discriminatory animus instead of or in addition to the legitimate reasons for dismissal. The Law 100 plaintiff is then in same situation as an ADEA plaintiff after the defendant has articulated a legitimate, non-discriminatory reason for its actions. Furthermore, in the case of <u>Baralt v. Nationwide Mutual Insurance Co.,</u> **251 F.3d 10, 16 (1st Cir. 2001), the First Circuit stated:**

Under Law 100, a plaintiff establishes a prima facie case of age discrimination by (1) demonstrating that he was actually or constructively discharged, and (2) alleging that the decision was discriminatory. (citations omitted). If this minimal showing is made, the burden shifts to the employer to prove by a preponderance of the evidence that it had "just cause" for its actions. (citations omitted). If the employer establishes just cause, the burden of proof returns to the plaintiff. (citations

> omitted). If the employer fails to prove just cause, however, it
> bears the burden of proving by a preponderance of the
> evidence that the decision was not motivated by age
> discrimination. (citations omitted).

In order to activate the Law 100 presumption of discrimination, a plaintiff must *prove* three elements: (1) that she was fired; (2) that the dismissal was without just cause; and (3) some basic fact substantiating the type of discrimination alleged. *Dominguez v Eli Lilly* 958 F Supp 721, 741 (DPR 1971). *Velez-Sotomayor v. Progreso Cash & Carry, Inc.*, 279 F. Supp. 2d 65, 81 (D.P.R. 2003), citing *Varela–Teron v. Banco Santander de Puerto Rico,* 257 F.Supp.2d 454, 2003 WL 1905653 (D.P.R. Mar.3, 2003); see also *Díaz Fontánez,* 2001 WL 1346759, at 9; *Hernández v. Trans Oceanic Life Ins.,* 2000 WL 943869 at 10 (P.R.2000); *Belk Arce v. Martínez,* 146 P.R. Dec. 215, 230 (1998)). "In other words, the plaintiff must not only allege, but must also establish the basic fact that he was fired without just cause in order to trigger the Law 100 presumption." *Id.* See, *Díaz Fontánez,* 2001 WL 1346759, at 12; *Hernández,* 2000 WL 943869, at 10; *Belk,* 146 P.R. Dec. at 230–31.

When the presumption is triggered the burden of proof shifts to defendant Employer to rebut the presumption of unjust dismissal **by proving** that the dismissal was justified. *Velez-Sotomayor v. Progreso Cash & Carry, Inc.,* supra, note 8.

**JUST CAUSE**

Since Puerto Rico Act 100, supra, lacks a definition of the concept "just cause". The Supreme Court of Puerto Rico has determined that **the definitions of just cause** stated in Act 80 of May, 30, 1976, 29 L.P.R.A. § 185a, **shall be applied**, *Soto v. Hotel Caribe Hilton*, Op. of   October 17, 1994, CA-94-111; *Báez García v. Cooper Labs., Inc.,* 120 D.P.R. 145, 155 (1987).  If the plaintiff can prove that she was dismissed without just cause, "she will enjoy a statutory, refutable presumption of discrimination", *De Arteaga v. Pall Ultrafine Filtration Corp.,* 673 F. Supp. 650,

652 (D.P.R. 1987); _Menzel v. Western Auto Supply Co.,_ 662 F. Supp. 731 (D.P.R. 1987).

According to the Puerto Rico Rule of Evidence 14, **a presumption shifts both the burden of production and the burden of persuasion** against the party whom the presumption is invoked, _Ibáñez v. Molinos de Puerto Rico_, 114 D.P.R. 42, 53 (1983).  _De Arteaga_**,** supra, at 653.  This forces the defendant employer to prove by preponderance of the evidence that the dismissal was not discriminatory, **<u>Soto</u>, <u>supra</u>, <u>Ibáñez</u>, <u>supra</u>**.  This in fact **represents a higher hurdle for the employer to leap vis a vis Title VII.**

As Plaintiff's SUF establishes, there are of fact showing that Plaintiff has met the "prima facie" case under Federal law and that Defendants' non discriminatory reason is false and a pretext.

Article 1 of Puerto Rico Act 80 of May 30, 1976, states that any employee who is dismissed without just cause from employment is entitled to be paid the severance (mesada) prescribed in subsections (a) and (b) of said article, 29 L.P.R.A. § 185a.  The concept of "just cause" is clearly defined in article 2 of the Act, 29 L.P.R.A. § 185b.  Said article enumerates five grounds for dismissal which, if proven by the employer, relieve it from paying the employee the indemnification prescribed by Article 1 of the Act.  Three (3) of those grounds involve acts committed by the employee.  These are:

a) When the employee observes a **pattern** of inappropriate or disorderly conduct.

b) When the employee **fails to perform** his work in an efficient manner, or conducts it in a negligent or tardy manner or in violation of the quality control rules set by the employer for the product manufactured in the business.

c) When the employee **repeatedly violates** the rules and regulations reasonably set by  the employer for the conduct of business, if a copy of those rules and regulations has been furnished for the employee in an opportune manner.

Article 2 further states that, a dismissal made by reason of **mere fancy or whim** of the employer

will not be considered justified. *Delgado Zayas v. Hospital Interamericano de Medicina Avanzada*, Op. of December 4, 1994, CA-94-133; *Secretario del Trabajo v. I.T.T.*, 108 D.P.R. 536 (1979).

The Supreme Court of Puerto Rico **has held that the spirit embodied by the Act does not allow for dismissal at the first fault** of the employee, absent the most grave circumstances, *Delgado Zayas v. Hospital Interamericano de Medicina Avanzada*, Op. of December 4, 1994, CA-94-133; *Secretario del Trabajo v. I.T.T.,* 108 D.P.R. 536 (1979).

The statute **demands that the employer demonstrates with something more than mere circumstantial evidence that dismissal was due to just cause**. *Salgado-Candelario v. Ericsson Caribbean, Inc.*, supra, at 176, Citing *Ibanez v. Molinos de P.R., Inc.,* 114 D.P.R. 42 (1983). If the employer, as in this case, claims breach of company policies **it has to establish** the prior existence of the policies, the actual breach **and** prior notice to the employee **before** discharge.  In addition the employer must demonstrate that it **applied the rules in a consisted and uniform manner** upon all employees, that is that there was no disparate treatment. In Plaintiff's case there is ample evidence showing how younger employees with serious violations were only reprimanded or given a work suspension. However Plaintiff was discharged.  *Ramirez Ferrer v. Conagra Foods PR*, supra; *Secretario del Trabajo v, ITT*, supra, at 542-543; *Vargas v. Royal Bank of Canada,* 60H F. Supp. 1036 (D.P.R. 1985) (**Employer's departure from its own regulations is tantamount to without just cause)**.

Defendants own rules provide that in cases of conflict of interest it is the Board of Directors who will evaluate the matter. PSUF 27. However, in this case it is uncontested that Co Defendant **did not** refer the matter to the Board of Directors and decided the matter herself.

Defendants rules provide that the employment termination would be **the last option** (PSUF 40). However, Defendants discharged Plaintiff in her first offense (assuming for this discussion there

was one, which is denied).

Defendants' rules provide for equal and fair treatment to all employees (PSUF 38, 39 and 40). However Ms. Caez incurred in multiple serious violations which exposed Defendants to financial loss (PSUF 64) however Co Defendant Hilerio only imposed a work suspension.

Mr. Santos, admitted wrong doing in carrying out Mr. Tirado's transactions and not obtaining the supervisors approved and he was given a reprimand letter. This was one of the two reasons to discharge Plaintiff.

The second reason was Danmart transactions. Those were approved by Supervisor Lozada, however no discipline or sanction was imposed, but Plaintiff was discharge. See other examples of disparate treatment under (PSUF 42).

These alone establishes an unjust dismissal for Defendants' failure to apply its rules in a consistent and uniform manner.

## ARGUMENT

Discrimination cases are as good as the evidence the parties can present.

In this case Defendants have made a great effort to justify terminating Plaintiffs employment after 36 years of service, and with good performance evaluations.

In the termination letter they claimed that:

a) Plaintiff carried out a transaction on behalf of her husband (Mr. Tirado) without the approval of another officer and, that in doing so, she breached several rules and regulations. To sustain this claim Defendants alleged that they conducted "an investigation". However, those that somehow participated in the "investigation" testified that they only looked for, and provided, some documents.

No one interviewed Mr. Tirado, the owner of the account.

Several of Defendants officers, including Co Defendant Hilario, had to admited

that, **yes, Plaintiff was authorized** by her husband to carry out transactions, that she had done so for years, and that all of those transactions were approved by officers of the Defendant. (PSUF 33,35,37,46,53) more important, the transaction in question, of February 2015, was carried out by other employee Mr. Santos, who admitted that:

    a) Plaintiff gave him the documents

    b) And told him to obtain the supervisor's approval

    c) He admitted that, because the supervisor was not in the area, and there was a lot of work, he forgot to obtain said approval. (SUF 11,12,13,14).

Notwithstanding that he admitted not following direct orders and not following the rules and regulations he was only given a reprimand letter, which by Co Defendant Hilario's testimony **is not** discipline, is advice.

To beef up the charges against Plaintiff, Defendants aledges "forgery".

"Forgery" is a legal term, it is defined as "an act that takes place when a person falsifies something **with the intent** to deceive another", "the signing of a document **without authorization**" "typically for economic gain", "**to cause harm** to others".

In most jurisdiction it is required that there be **intent to deceive others** or an attempt to commit fraud or larceny. (See, Find law.com; Black's Dictionary; McMillan Dictionary).

In Puerto Rico, Penal Code, Article 271, (33 L.P.R.A. Sec 459) indicates that forgery occurs when "Any person who with the **intend to defraud another** makes a document … o false writing, through which a right is created or transferred … or in any other way  effects any right, duty or interest, or that falsely others … totally or partially …" (crimes against the public).

16

None of the elements of "forgery" are present in this case. Defendants knew that Plaintiff was authorized by her husband to make transactions in his behalf and benefit. She had done no so years and Defendants officers knew that Plaintiff's husband **had** authorized her for years to carry out transactions in his accounts and that said authorization was registered in Defendant's "Visuals System" (Plaintiff Statement of Uncontested Facts (11, 37).

**PRETEXT**

PSUF clearly shows that:

a)      Defendants knew that Plaintiff was authorized by her husband to carry out transactions in his accounts. There was nothing wrong in that.

b)      Teller Santos admitted that it was he who failed to follow instructions; and

c)      Defendant suffered no harm (PSUF 23).

d)      Defendants failed to follow its own rules and regulations.

e)      Younger employees received lenient treatment.

PSUF show that the Danmart transaction:

a)      Was authorized by the client

b)      Was approved by supervisor Lozada.

c)      And the client was present when the transaction was being completed.

d)      No harm, or problem was caused to Defendants.

Where is the just cause for termination of employment? What discipline was imposed upon Mr. Santos and Mr. Lozada? None. Why?

Defendant's actions run counter Law 80 requirements and a lack of just cause for employment termination.

**Shifting Explanations**

17

In the termination letter of March 2015 Defendant alleged two incidents to conclude that Plaintiff had breached company rules.

After the complaint it added a 2012 transaction where Plaintiff's daughter cashed a check and prior withdrawals and deposits by Plaintiff in her husband's accounts. Lately, during her deposition, Co Defendant Hilario stated that the reason to terminate Plaintiff was one of Trust (USF). The fact that the employer has given different reasons at different times for its action supports finding that the reason is false and pretextual.

Defendant's latest reason to discharge plaintiff is that Codefendant **did not trust her**. This is an arbitrary and capricious reason indicative of whim. There are no facts to sustain that claim. Plaintiff was not "a trust" employee, the other supervisors and employees involved in the transactions did not losse Co Defendants trust.

As a reminder, we call the courts attention to the acts of **Ms. Caez** a Supervisor that approved the cashing of a check of $102,320.69 to her parents issued several managers checks and later the check was returned for lack of funds, placed Defendants' funds at peril. (PSUF 64). In that case Co Defendant Hilerio imposed a suspension of thirty (30) days and later regretted that, after returning from her suspension, Ms. Caez resigned. No lost of trust there!

And in Mr. Santos case  he was just given a reprimand letter. Co Defendants lack of trust claim is arbitrary and capricious.

**Ambiguity and Contradictions in Company Policies and Procedures**

It is Uncontested that Co Defendant Hilerio was the person that decided to terminate Plaintiff. However company rules provide that, in cases of conflict of interest **The Board of Directors** will decide the matter. (PSUF 25).

Why Co Defendant Hilerio took upon herself the decision?  Why the matter was not refered to the Board of Directors as mandated by company rules? Are company rules to be applied at Co Defendant's discretion?

Plaintiff is charged with **"forgery" of her husband's signature**. However Mr. Tirado was never interviewed by the Defendants. On what grounds Defendant rested to conclude that there was forgery? There is no definition of said term in Defendants policies. Mr. Tirado had authorized his wife thru Defendants' Visuales System and this was known by Defendants (PSUF 11,22,37).

Sham Investigation. Co Defendant Hilerio testified that there was "an investigation". The same was limited to reviewing documents, none of the persons implicated, Mr. Tirado, Mr. Martinez and Ms. Ayala, were interviewed during the "investigation".

Defendants have represented to the court that Plaintiff **was not authorized** by her husband to carry out a withdrawal of $80.00 from his credit line and to deposit said amount on his **checking** account.

> However, several Defendant' officers admitted that **Plaintiff was authorized in her husba**nd's account. (PSUF 11, 48, 53, 57).

It is evident that the charge of forgery was malicious since Defendants knew Plaintiff was authorized and had carried out said authority for years.

**Disparate Treatment**

The evidence shows that younger employees were treated in a different way and that contrary to company written policies, discipline was not enforced in a uniform consistent manner.

The following employees incurred in serious violations and Defendants gave them reprimand letter:

a) Mr. Noberto Santos, under age 40, admitted he carried out Tirado's transactions without the authorization of his supervisor. He was given a reprimand letter.

b) Mr. Angel Suarez, who obtained a loan using his savings as collateral, but he later withdrew all funds, leaving Defendant without the warranty. Twice he tried to make false deposits to his account. (Exh X (b) p. 42 line 18 – 25). Defendant gave him a reprimand letter.

c) Mrs. Hilerio in a meeting told him that if it not were because **she liked him** she would had fire him. (Exh X (b) (p.43 – line 3 – 8)

d)      Joany Torres, tellers Supervisor, did not have balanced registers, was always on the phone, and was not discipline. (Exh. X (b) (43 – 23 to p. 44 line 10) (letters of reprimand are not discipline- PSUF 34 supra).

e)      José Lozada was teller's Supervisor, there was a complaint against him for harassment… and no discipline was imposed (Exh. X (b) (p. 45 line 7 – 12).

f)      Ms. Caez authorized a check payable in the name of her parents in the amount $102,320.69 and then issued two (2) manager's checks, and the check bounced. Defendant's funds were placed at peril. Ms. Caez was only suspended. (Exh X (p. 46 line 19 to p. 47 line 9 and XX). Depo Rodriguez (Exh XIV (a) (p 71 to 75 line 23).

g) Ms. Hilerio told Plaintiff that "it was sad" that Ms. Caez, after returning from her suspension, had resigned (Exh X (b)  (p. 47 – line 10 to 14).

h) There were many complaints against Carlos Vazquez and Defendant just transferred him to another branch, not disciplined. (Exh X (b) p. 47 line 21 – p. line 24).

i) Jessibel Torres- had several deficiencies, poor performance and insubordination but only received a reprimand letter. (Exh.X (b)  (p. 49 line 3 - 25).

j) Mr. Lozada, who approved the Danmart transaction where funds were withdrawn from the credit line and manager's checks were issued, was not discipline in anyway. (Exh X (b) (p 80 line 6, 21 to 25) (p 81 line 1-20).

An employer's disparate treatment of employees in response to behavior that legitimately violates company rules is evidence of discriminatory animus.  See, _McDonald v Santa Fe Trail Transp. Co_., _427 US 273, 283 (1976_). If a prudent person looking objectively at the incidents would think them equivalent to those charge to Plaintiff but receive no discipline, or as a lenient one, then it can conclude that there was a discriminatory animus. _Velez v. Thermo King de Puerto Rico, Inc.,_ supra, 453, Citing _Menzel v. Western Auto Supply Co.,_ 848 F.2d 327, 331 (1st Cir.1988) . _Parking v Brigham & Women Hospital_ , 78 F 3d 747, 752, (1st Cir. 1996).

A jury, under these facts, can distrust Defendants reasons and can conclude that age was the real basis for distinguishing among them. _Velez v. Thermo King de Puerto Rico, Inc_., 585 F 3d 441, 447 (1st Cir. 2009), following _Groos v FBL Fin Srvs_ 557 US 167, 174-175 (2009).

Discharging Plaintiff and not the other employees lacks rationality and supports the inference that the real reason was her age. See, _St. Marys Honor Center_, supra 509 US at 511.

**Same Age Defense**

Co Defendant claims that she did not discriminate against plaintiff "because she was older than her". This theory has been rejected by the US Supreme Court. In _Oncale v Sundowner Offshore Serv, Inc_., 523 US 75 (1998) the court concluded:

> "because of the many facets of human motivation, it would be unwise
> to presume as a matter of law that human beings of one definable
> group will not discriminate against other members of their group"

Being of a similar age is not an immunity to discriminate.

**CONCLUSION AND PRAYER**

It is respectfully sustained that Plaintiff established her prima facie case, has demonstrated that the reasons advance to justify her discharge are false and that younger employees who incurred in serious violations were not discharged. In the record there is ample evidence of inconsistencies and contradictions sufficient to support an inference of pretext. In _Gomez Gonzalez v Rural Opportunities, Inc_., 626 F 3 d 654, 662-63 the First Circuit indicated:

> "Pretext can be shown by such weaknesses, implausibilities,
> inconsistencies, incoherencies or contradictions in the employer's
> proffered legitimate reasons for its action that a reasonable fact finder
> could rationally find them **unworthy of credence** and hence infer that
> the employer did not act for the asserted non discriminatory reasons
> (quoting _Morgan v Hilti, Inc_., 108 F 3d 1319, 1323 (10th Cir 1997).

This court must not supplant the jury's role by weighing the strength of the evidence at this stage. The determination of motive and intent are questions better suited for the jury. See: _Soto Feliciano_, citing _Mulero-Rodriguez v Ponce, Inc_., 98 F 3d 670, 677 (1st Cir 1996).

Wherefore, Plaintiff respectfully request that Defendants' Motion for Summary Judgment be denied.

**RESPECTFULLY SUBMITTED**

**IN SAN JUAN, PUERTO RICO, THIS 22th DAY OF FEBRAURY, 2018.**

**s/godwin aldarondo girald**
**GODWIN ALDARONDO GIRALD**
**USDC- PR NO. 125205**
**ATTORNEYS FOR DEFENDANT**
**ALDARONDO GIRALD LAW OFFICES**
**ESQUIRE BUILDING**
**VELA STREET, SUITE 701**
**SAN JUAN, P.R. 00918-3606**
**TEL. (787) 766-2876 FAX (787) 751-9832**
**aldarondo@prw.net**